**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YOLANDA SOTO, individually and as proposed Administratrix of the ESTATE OF XAVIER CUEVAS-SOTO, and ADRIANNA SOTO,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF PATERSON, et al.,<br><br>                    Defendants. | Civil Action No: 18-11311-SDW-SCM<br><br>**OPINION**<br><br>December 10, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendants City of Paterson (the "City" or "Paterson"), Jerry Speziale ("Speziale"), and Troy Oswald's ("Oswald") (collectively, "Defendants")[1] Motion to Dismiss Plaintiffs Yolanda Soto ("Ms. Soto") and Adrianna Soto's ("Adrianna") (collectively, "Plaintiffs")[2] Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

---

[1] Sergeant Christopher D. Benevento, Officer Anthony Degiglio, John Doe Supervisors 1-5, John Doe Training Officers 1-3, John Doe Internal Affairs Officers 1-5, James Doe 1-5, and ABC Entities 1-5 are also named defendants, but none have joined the instant motion to dismiss.

[2] Ms. Soto brings suit "individually and as proposed Administratrix of the Estate of Xavier Cuevas-Soto." Adrianna brings suit solely on her own behalf. The Estate of Xavier Cuevas-Soto is not a named party.

1

I.  BACKGROUND AND PROCEDURAL HISTORY

Ms. Soto, her son Xavier Cuevas-Soto ("Xavier"), and her daughter Adrianna attended a party at Sergeant Christopher D. Benevento's ("Benevento") home in Totowa, New Jersey on July 4, 2016. (Dkt. No. 1 ¶¶ 1-3, 9, 25, 60-62.) At all relevant times, Benevento was an officer with the Paterson Police Department ("PPD"), Speziale was the Director of the PPD, and Oswald was its Chief of Police. (*Id.* ¶¶ 4-5, 7-9.) Benevento was off-duty on the day in question, and while hosting, left his police-issued handgun unsecured with the safety in the "off" position. (*Id.* ¶¶ 26, 37, 61, 65-68.) Xavier picked the gun up and was killed when it discharged. (*Id.* ¶¶ 26, 70-72.) Ms. Soto and Adrianna witnessed Xavier's death. (*Id.* ¶¶ 71-76.)

On or about September 26, 2016, Ms. Soto filed a Notice of Claim upon the City of Paterson for the wrongful death of her son, which she alleged was due to Benevento's "failure to properly secure a loaded weapon at a party." (Dkt. No. 13-5.) The City received the Notice of Claim on September 29, 2016. (Dkt. No. 1 ¶¶ 20-24; Dkt. No. 13-5.) On July 2, 2018, Plaintiffs filed a ten-count Complaint in this Court against Paterson, Speziale, Oswald and others, alleging that the defendants' actions leading up to, during, and after the fatal shooting violated constitutional, statutory, and common law. Plaintiff specifically alleges that the moving Defendants: 1) "failed to properly train, [and/or] supervise" Benevento "on requirements for use, operation and handling of firearms both on and off duty, firearms safety and crime scene investigation;" 2) failed to properly investigate Xavier's death; and 3) conspired to make Xavier's death look like a suicide. (*Id.* ¶¶ 31-34, 37, 83-89.) Defendants filed the instant motion to dismiss on August 17, 2018. (Dkt. No. 13.) Plaintiffs filed their timely opposition on November 2, 2018, and Defendants filed their reply on November 19, 2018. (Dkt. Nos. 19, 21.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## III. DISCUSSION

A. Counts I - III – Section 1983 Claims[3]

42 U.S.C. §1983 provides in relevant part:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997); *O'Toole v. Klingen*, No. Civ. 14-6333, 2017 WL 132840, at *5 (D.N.J. Jan. 13, 2017); *Thomas v. E. Orange Bd. of Educ.*, 998 F. Supp. 2d 338, 350 (D.N.J. 2014).

To bring a § 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *Hilton v. Whitman*, No. Civ. 04-6420, 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated"). For a municipality to be held liable under the theory of respondeat superior, the constitutional harm alleged must be caused by a municipal policy or custom. *Monell v. Dep't of Soc. Serv. of N.Y.*,

---

[3] Plaintiffs' § 1983 claims are: *Monell* Supervisory Liability (Count I); Individual Liability (Count II); and State Created Danger (Count III).

4

436 U.S. 658, 694 (1978); *see also Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015); *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015).

Before turning to the substance of Plaintiffs' § 1983 claims, it is necessary to clarify the scope of the claims. First, although Plaintiffs have filed individual claims for violations of their own constitutional rights, "[s]urviving family members cannot recover in an action brought under § 1983 for deprivation of rights secured by the federal constitution for their own damages from the victim's death unless the unconstitutional action was aimed at the familial relationship." *Robles-Vasquez v. Garcia*, 110 F.3d 204, 206 n. 4 (1st Cir. 1997); *see also McGhee v. Sanders*, Civ. No. 12-7955, 2013 WL 785084, at *2 (D.N.J. Feb. 28, 2013). Plaintiffs concede that they do not have standing to recover on their own behalf under § 1983 and have voluntarily withdrawn those claims. (Dkt. No. 19-1 ¶ 7.) Therefore, only Ms. Soto's § 1983 claims on her son's behalf as "proposed Administratrix" of his estate remain.[4] Second, Ms. Soto's claims are further limited to violations that occurred before Xavier's death. *See e.g., McCain v. Episcopal Hosp.*, 350 F. App'x 602, 603 (3d Cir. 2009) (stating that § 1983 "does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after his death") (internal citation omitted); *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 748-49 (10th Cir. 1980) (holding that "the civil rights of a person cannot be violated once that person has died"); *Guyton v. Phillips*, 606 F.2d 248, 250 (9th Cir. 1979) (noting that a deceased is not a "person" for purposes of § 1983); *Kellom v. Quinn*, Civ. No. 17-11084, 2018 WL 4111906, at *9 (E.D. Mich. Aug. 29, 2018) (dismissing § 1983 claim on behalf of decedent based on allegations that defendants conspired to cover-up the nature of a fatal shooting); *Concert v. Mount Greenwood Cemetary*, Civ.

---

[4] There is some dispute as to whether Ms. Soto has been properly and/or timely appointed administratrix of the estate. (*See* Dkt. No. 21 at 2-3, 22, 23.) For purposes of argument only, this Court assumes that Ms. Soto has been properly appointed.

5

No. 11-1201, 2011 WL 5008348, at * (M.D. Pa. July 19, 2011); *Hauptmann v. Wilentz*, 570 F. Supp. 351, 367 n.15 (D.N.J. 1983) (noting that "[a] person's civil rights cannot be violated once that person has died; thus a cover-up of the circumstances surrounding a person's death cannot violate that person's rights"). Therefore, claims that Defendants failed to properly investigate Xavier's death and/or conspired to make Xavier's death look like a suicide are inactionable under § 1983, leaving only Ms. Soto's claim that Defendants failed to properly train and/or supervise Benevento on the proper use and handling of firearms. This Court now reviews that claim for sufficiency.

Plaintiff must first show that Benevento acted under color of law. The conduct that allegedly gave rise to Xavier's death was Benevento's decision to leave his handgun unsecured while he was hosting a party at his home. The facts, as set forth in the Complaint, show that Benevento was not on-duty, he was hosting a holiday party at his residence for friends/acquaintances, and that his home was located outside of the jurisdiction of the PPD. There is no allegation that Benevento identified himself as a police officer during the party, performed any duties required of an active duty officer, exercised any official authority, or required party-goers to comply with instructions that could be understood to further law enforcement objectives. Rather, the facts support only a finding that Benevento, at all relevant times, was acting as a private citizen. Because "[a] police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law," *Barna v. City of Perth Amboy*, 42 F.3d 809, 815-16 (3d Cir. 1994) (internal citations omitted), Plaintiffs have failed to plead facts sufficient to sustain Ms. Soto's § 1983 claim. Therefore, Counts One, Two, and Three must be dismissed.[5]

---

[5] The fact that Benevento's state-issued weapon was involved is unfortunate, but it does not alone create state action sufficient to support a § 1983 claim. *See, e.g.*, *Barna*, 42 F.3d at 817-18 (holding that officers were not acting under

B. Counts IV-X - New Jersey State Law Claims

Counts Four through Ten of Plaintiffs' Complaint assert state law claims, including violation of the New Jersey Civil Rights Act ("NJCRA") (Count IV); Negligence (Count V); Intentional Infliction of Emotional Distress (Count VI); Negligent Infliction of Emotional Distress (Count VII); Civil Conspiracy (Count VIII); Wrongful Death (Count IX, wrongfully captioned as "Count VII"); and Abuse of Power and Authority (Count X, wrongfully captioned as "Count VIII"). Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). This Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and will dismiss Counts Four through Ten.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss the Complaint is **GRANTED**. An appropriate order follows.

                                            ___/s/ Susan D. Wigenton_____
                                            **SUSAN D. WIGENTON, U.S.D.J.**

---

color of state law even though police-issued weapons were involved); *Strauss v. Walsh*, Civ. No. 01-3625, 2002 WL 32341791, at *4 (E.D. Pa. Dec. 17, 2002) (finding off-duty officer was not acting under state law where firearm accidentally discharged).

Orig:  Clerk
cc:    Steven C. Mannion, U.S.M.J.
       Parties