NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 14, 2019

Shelley L. Stangler, Esq.
155 Morris Avenue, 2nd Floor
Springfield, NJ 07081
*Counsel for Plaintiff*

Elizabeth F. Lorell, Esq.
Jeffrey A. Kopco, Esq.
Gordon, Rees, Scully & Mansukhani LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
*Counsel for Defendants City of Paterson, Jerry Speziale, & Troy Oswald*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re: Soto v. City of Paterson, et al.
Civil Action No. 18-11311 (SDW) (SCM)**

Counsel:

Before this Court are Plaintiff's 1) Motion for Reconsideration of this Court's December 10, 2018 Opinion and Order which granted Defendants City of Paterson, Jerry Spezieale, and Troy Oswald's (collectively, "Defendants") motion to dismiss, and 2) Motion to Amend the Complaint. This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration, and **GRANTS** the Motion to Amend.

## DISCUSSION

A. Standard of Review

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Speciality, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party moving

for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at \*2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend pleadings "shall be freely given as justice so requires." Fed. R. Civ. P. 15(a). However, it is within the court's discretion to deny such a request upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

B. The December 10, 2018 Opinion and Order Are Not Clearly Erroneous or Contrary to Law

This Court's December 10th Opinion clearly identified and applied the proper legal standard for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Section 1983 claims.[1] Plaintiff does not identify any intervening change in the relevant law, but rather points to previously issued decisions, some nearly forty-years old, that it believes this Court should now address.[2] Nor does Plaintiff point to new evidence that was unavailable at the time this Court entered its decision. Consequently, Plaintiff's motion is only proper if this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. Plaintiff identifies no such error. Rather, Plaintiff challenges this Court's legal conclusions that the facts, as pled, failed to establish liability by the moving defendants. In essence, Plaintiff does nothing more than invite this Court to "rethink" its holding. This is not an appropriate basis upon which to seek reconsideration. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Accordingly, Plaintiff's motion for reconsideration will be denied.

---

[1] To the extent Plaintiff challenges this Court's decision because of its inclusion of a reference to *respondeat superior* liability, that challenge is unavailing. (D.E. 33-1 at 6-7.) Although the decision contains a single sentence referring to *respondeat superior* in the section setting out the legal elements of Section 1983 claims, the Court's analysis did not refer to or rely on that basis of liability when analyzing Plaintiff's claims.
[2] *See* D.E. 33-1 at 1-2, 6-9 (arguing, for example, that this Court should consider *Fagan v. City of Vineland*, 22 F.3d 1283 (3d Cir. 1978)).

Plaintiff's Motion to Amend, however, will be granted.[3] Although Plaintiff could have saved all involved significant time and effort had she moved to amend before the parties had briefed, and this Court had ruled on, Defendants' motion to dismiss, Federal Rule of Civil Procedure 15(a) requires courts to liberally grant leave to amend. Therefore, finding no undue prejudice to Defendants, Plaintiff's motion will be granted.[4]

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration of this Court's December 10, 2018 Opinion and Order is **DENIED**. Plaintiff's Motion to Amend is **GRANTED**. An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Steven C. Mannion, U.S.M.J.

---

[3] Because Plaintiff failed to comply with Local Civil Rule 15.1(a)(2) in moving for leave to amend, in addition to filing a clean copy of the Amended Complaint, Plaintiff must also file a copy of the Amended Complaint that indicates how it differs from the initial Complaint "by bracketing or striking through materials to be deleted and underlining materials to be added." Plaintiff must also ensure that both the caption and the substance of the Amended Complaint accurately reflect that Plaintiff voluntarily withdrew claims brought by Yolando Soto and Adrianna Soto in their individual capacities. (D.E. 28 at 5; D.E. 19-1 ¶ 7.)

[4] This Court is not convinced at this juncture that Plaintiff's amendment is futile, but takes no position on whether the Amended Complaint can withstand a second motion to dismiss.